UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT PATRICK** | : | **DOCKET NO. 17-cv-976** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **TEXAS ROADHOUSE, INC.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand and Motion for Attorney's Fees [doc. 6] filed by plaintiff Robert Patrick ("Patrick," "plaintiff"). The motions were filed in response to the Notice of Removal [doc. 1] filed by defendant Texas Roadhouse, Inc. ("Texas Roadhouse").

This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the motions be **DENIED.**

**I.**
**BACKGROUND**

This case arises from a slip and fall on June 28, 2016, at a restaurant owned by the defendant in Lake Charles, Louisiana. Doc. 1, att. 2, pp. 2–3. Patrick alleges that, as he was proceeding to his table, he slipped on "a slippery substance," causing him to "violently collide with the floor." *Id.*

On December 8, 2016, plaintiff's counsel sent a demand letter to Texas Roadhouse's insurer, stating that his client had authorized him to demand $58,616.00 in final settlement. Doc. 6, att. 1, p. 6. In support of this demand plaintiff's counsel provided that Patrick had led a very

active lifestyle prior to the accident and had also been teaching college courses while finishing his graduate work towards a PhD in Urban Planning and Public Policy. *Id.* Plaintiff's counsel added:

> The aforementioned incident has caused my client to experience constant pain, withdrawal from family, his balance is unstable, and dependent on pain medication to help him function throughout the day. Mr. Patrick has not been able to teach this semester due to the severity of his injuries and the necessity that he stand & ambulate freely during instruction.

*Id.* He then described how Patrick had sought medical treatment beginning on July 5, 2016, with a total of 37 visits for unspecified treatments between July and October of 2016. *Id.* at 7. He stated that Patrick had been diagnosed with "Cervical Sprain/Strain, Comp of cervical/brachial plexus syndrome, Brachial Neuritis/Radiculitis, Segmental Dysfunction-Cervical, Thoracic Sprain/Strain, Lumbar Sprain/Strain, Comp of lumbar-sacral plexus, Sciatica, and Segmental Dysfunction-Lumbar." *Id.* (diagnostic codes omitted). Finally, he added that the medical conditions had worsened since the accident. *Id.* Plaintiff's counsel then attached several pages of medical records, which reflected the above diagnoses in addition to $4,616.00 in treatment billed at the Louisiana Health and Injury Center. *Id.* at 8–38. The demand letter concluded by stating that the settlement offer would expire within seven days from the date it was sent. *Id.* at 7.

Texas Roadhouse states that it declined the settlement offer. Doc. 8, p. 8. Accordingly, Patrick filed suit on June 23, 2017, in the Fourteenth Judicial District, Calcasieu Parish, Louisiana. Doc. 1, att. 2, pp. 2–5. There he alleged that the accident had caused "severe injuries including, but not limited to: headaches, left finger pain, right hip pain, thigh pain, pain in his buttocks, foot pain, toe pain, pain and stiffness in his neck, pain and stiffness in both shoulder[s], muscles spasm [*sic*] in the upper back, and lower lumbar pain bilaterally." *Id.* at 3. He stated that he was seeking an unspecified amount of damages for loss of enjoyment of life; past, present, and future pain and suffering, mental anguish and disability, and permanent physical impairment; past, present, and

future loss of wages and earning capacity; and past and future medical expenses and travel expenses relating to his medical treatment. *Id.* at 3–4. Texas Roadhouse was served in this matter on July 17, 2017, and filed a notice of removal to this court on August 1, 2017, on the basis of federal diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1, att. 2, p. 8; doc. 1. In the notice of removal Texas Roadhouse states that it is a citizen of Delaware and Kentucky and Patrick is a citizen of Louisiana, and that it is facially apparent from the complaint that the amount in controversy exceeds $75,000. Doc. 1, pp. 3–6.

Patrick now moves to remand. He does not challenge the citizenship allegations in the notice of removal, but maintains that Texas Roadhouse has not met its burden as to the amount in controversy. Doc. 6, att. 1. He also requests costs and attorney's fees associated with the removal under 28 U.S.C. § 1447(c). *Id.* Texas Roadhouse opposes the motion. Doc. 8. Patrick has not filed a reply, and his time for doing so has passed. *See* doc. 7.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific monetary value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE CIV. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of

the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that support a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411–12.

Texas Roadhouse contends that the allegations in the complaint clearly demonstrate that the amount in controversy exceeds $75,000, as Patrick claims damages for past and future pain and suffering, lost wages, and medical treatment, and has also alleged permanent physical impairment and disability. As Texas Roadhouse notes, Louisiana courts have awarded and affirmed damages exceeding $75,000 for similar nonsurgical injuries. *See, e.g.*, *Peoples v. Fred's Stores of Tenn., Inc.*, 38 So.3d 1209, 1226–27 (La. Ct. App. 3d Cir. 2010) ($85,000 in general damages for cervical injury and left-side pain); *Graffia v. La. Farm Bureau Cas. Ins. Co.*, 6 So.3d 270, 272–74 (La. Ct. App. 1st Cir. 2009) ($75,000 in general damages and over $12,000 in special damages for cervical strain, neck pain, muscle spasms, and intense pain). In *Gebbia*, *supra*, the Fifth Circuit likewise held that the district court did not err in finding that allegations of injuries to the wrist, knee, and back, with no mention of surgery, and claims for damages including pain and suffering, lost wages and earning capacity, and permanent disability flowing from those injuries, made it "facially apparent" that the amount in controversy exceeded $75,000. 233 F.3d at 883–84.

We agree, based on the quantum cases cited above, that, considering all of Patrick's claims for damages, based on his numerous alleged injuries and allegations of continued costs, suffering,

and impairment, the complaint makes it facially apparent that the amount in controversy in this matter exceeds $75,000. To the extent that there was any ambiguity, Texas Roadhouse's extra knowledge of the plaintiff's injuries, based on the demand letter, only strengthens its argument as to the amount in controversy. The demand letter and its attachments showed that plaintiff sought to settle the matter for nearly $60,000, and that his injuries had already prevented him from working for a semester. By the time he filed suit over six months later, he was still alleging impacts from his injuries on his earning capacity, in addition to continued pain and disability and a need for future medical treatment. Texas Roadhouse would therefore be justified in assuming that the amount in controversy had only increased. Accordingly, Patrick's attempt to use the demand letter to show that Texas Roadhouse cannot meet its burden is unavailing, and the demand letter likewise could not show to a legal certainty that the amount in controversy here is below the jurisdictional amount.

Texas Roadhouse has carried its burden with respect to the amount in controversy in showing a basis for removal. Therefore there is no cause for remanding the matter, much less granting costs and attorney's fees associated with that remand to Patrick.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand and Motion for Attorney's Fees [doc. 6] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE