UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA - LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ROBERT PATRICK | * | CIVIL ACTION - JURY DEMAND |
| VERSUS | * | NO. 2:17-cv-00976 |
| TEXAS ROADHOUSE, INC. | * | JUDGE MAURICE S. HICKS, JR. |
| | * | MAG. JUDGE KATHLEEN KAY |

**DEFENDANT, TEXAS ROADHOUSE, INC.'S, MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

*TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT:*

### I. INTRODUCTION

This memorandum is submitted on behalf of defendant, Texas Roadhouse, Inc. (hereafter "Texas Roadhouse"), in opposition to the Motion to Reopen Discovery (Rec. Doc. 24) filed on behalf of plaintiff, Robert Patrick (hereafter "plaintiff").

### II. PROCEDURAL POSTURE

The above captioned suit was filed by plaintiff on June 28, 2017, for an alleged slip and fall incident that occurred on June 28, 2016. The case was removed from the 14th Judicial District Court for the Parish of Calcasieu to this Court pursuant to this Court's diversity jurisdiction.

On June 21, 2018, this Court issued a Scheduling Order (Rec. Doc. 16) setting this case for jury trial on March 25, 2019. This Court's Scheduling Order (Rec. Doc. 16) also set a deadline for the completion of all non-expert discovery of December 21, 2018.

Despite the fact that this case has been pending for a year and a half, plaintiff has never propounded any written discovery in this case to Texas Roadhouse. On December 5, 2018, plaintiff,

for the first time, requested to take the deposition of two Texas Roadhouse employees, Heather Galmiche and Haley David, identified in Texas Roadhouse's Witness List provided to plaintiff in conjunction with this Court's Scheduling Order (Rec. Doc. 16).

On December 19, 2018, the parties filed a Joint Unopposed Motion to Extend Scheduling Order Deadline (Rec. Doc. 21) seeking to extent the December 21, 2018 deadline for the completion of all non-expert discovery to January 15, 2019, for the limited purpose of allowing plaintiff to take the depositions of Heather Galmiche and Haley David. On December 27, 2018, this Court signed an Order (Rec. Doc. 23) granting the Joint Unopposed Motion to Extend Scheduling Order Deadlines and extending the December 21, 2018 non-expert discovery deadline to January 15, 2019 "for the limited and sole purpose of plaintiff, Robert Patrick, being able to schedule and take the depositions of two of Texas Roadhouse, Inc.'s employees, Heather Galmiche and Haley David".

On January 10, 2019, plaintiff took the depositions of Heather Galmiche and Haley David. Plaintiff has now filed Plaintiff's Motion to Reopen Discovery (Rec. Doc. 24) pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure requesting that the original December 21, 2018 deadline for the completion of discovery contained in this Court's Scheduling Order (Rec. Doc. 16) be extended to January 18, 2019, so that plaintiff can propound written discovery that plaintiff claims "could not have been identified prior to receiving [the] deposition testimony" of Heather Galmiche and Haley David.

### III. LAW AND ARGUMENT

In short, the deadline for the completion of all non-expert discovery, with the exception of the taking of the depositions of Heather Galmiche and Haley David as set forth in this Court's Order (Rec. Doc. 23) dated December 27, 2018, passed on December 21, 2018. Plaintiff now seeks to

reopen discovery in this case to propound written discovery. However, Rule 16(b)(4) of the Federal Rules of Civil Procedure regarding scheduling orders provides as follows:

> **(4) Modifying a Schedule.** A schedule may be modified only for good cause and with the judge's consent.

Before the Court can modify a scheduling order, a party must first show "good cause" for failure to meet the scheduling order deadline. *Snelling and Snelling, Inc. v. Federal Ins. Co.*, 2005 WL 8158028 (N.D. Tex., Dallas Div. 2005) (citing Fed. R. Civ. P. 16(b); *S & W Enters, LLC v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). The "good cause" standard contained in Rule 16(b) of the Federal Rules of Civil Procedure requires the party seeking the relief to show that the deadlines could not be reasonably be met despite the diligence of the party needing the extension. *S & W Enters, LLC*, 315 F.3d at 535. Courts should look to the following factors in determining whether good cause exists to modify a scheduling order: (1) the explanation for failure to comply with the deadlines, (2) the importance of the action sought, (3) the potential prejudice of allowing that action, and (4) the availability of a continuance to cure such prejudice. *O'Bear v. Southeastern Freight Lines, Inc.*, 2017 WL 3974987, pg. 1 (W.D. La. 2017).

With respect to the first factor, it is undisputed in this case that the discovery deadline passed on December 21, 2018, without plaintiff having ever propounded written discovery to Texas Roadhouse. In fact, it was not until December 5, 2018 that plaintiff even requested to take any depositions in this case. Prior to the passage of the December 21, 2018 discovery deadline, plaintiff did not seek any extension of the discovery deadline to propound written discovery. Now, almost a month after the deadline has passed, plaintiff seeks to reopen non-expert discovery in this matter to propound written discovery with a looming trial date of March 25, 2019.

Plaintiff's explanation for his failure to meet the December 21, 2018 discovery deadline is that "all information [that plaintiff seeks to obtain through the reopening of discovery] could not have been identified prior to receiving [the] deposition testimony" of Heather Galmiche and Haley David on January 10, 2019. However, such is simply not the case.

Plaintiff did not need the depositions of Heather Galmiche and Haley David in order to be able to propound written discovery requesting the information that plaintiff now seeks to obtain through the reopening of discovery. If plaintiff's case involved some theory of liability related to the placement of mats on the floor of the Texas Roadhouse restaurant (which, of course, it does not), plaintiff could have propounded written discovery regarding Texas Roadhouse's use of mats in the restaurant.

Furthermore, plaintiff could have easily propounded written discovery regarding "employee training records", Texas Roadhouse's "computer records", Texas Roadhouse's employee "shoe policy", and employee meetings (i.e. "alley rallies") at any time during the year and a half that this case has been pending. This is a slip and fall case. Plaintiff did not need the depositions of Heather Galmiche and Haley David to propound such basic written discovery in this type case. Plaintiff has simply been dilatory in conducting basic written discovery.

The foregoing notwithstanding, plaintiff could have just as easily taken the depositions of Heather Galmiche and Haley David well before the non-expert discovery deadline of December 21, 2018, and subsequently propounded written discovery to Texas Roadhouse seeking information learned in those depositions.[1]  Plaintiff did neither.

---

[1]  Plaintiff also has no argument that it was prejudiced by the fact that the depositions of Heather Galmiche and Haley David could not be taken prior to the December 21, 2018 non-expert

In short, plaintiff's explanation for why he could not obtain the discovery that he now seeks to obtain by reopening the non-expert discovery deadline is simply not "good cause". Plaintiff simply now wants to conduct last minute written discovery that should have been conducted months ago.

With respect to the second factor, the information that plaintiff now seeks to discover in written discovery is not important, and is indeed irrelevant, to this case. Plaintiff alleged in his petition (Rec Doc. 1, Attachment 2, Petition for Damages), that he slipped and fall on a "slippery substance" in the Texas Roadhouse restaurant. Furthermore, plaintiff testified in his deposition in this case that he allegedly slipped and fell on a liquid substance that was on the bare floor next to one of the dining tables in the Texas Roadhouse restaurant.[2] In other words, this is not a case where plaintiff has alleged or testified that he tripped on a mat or even slipped and fell on a mat. This is not a rainy day case. Furthermore, there is no legal duty that requires a merchant use mats as a matter of due course to prevent slips and falls in a business establishment. Thus, the written discovery that plaintiff now seeks to obtain through the reopening of discovery is wholly irrelevant to this case.

Likewise, Texas Roadhouse's employee shoe policy has no bearing on any relevant issue arising under La. R.S. 9:2800.6 (Louisiana's merchant liability statute). Haley David and Heather Galmiche simply testified in their depositions that Texas Roadhouse requires its employees to wear

---

discovery deadline. Plaintiff did not even request to take those depositions in this case until December 5, 2018, which would have been within 30 days of the non-expert discovery deadline. Thus, assuming that the depositions of Heather Galmiche and Haley David had been taken between December 5, 2018 and December 21, 2018, any responses to any written discovery propounded in that time period would have been due well after the non-expert discovery deadline had passed.

[2] See Deposition of Robert Patrick, pgs. 57, 60-75, attached hereto as Exhibit "A".

non-slip shoes because its employees necessarily have to enter the kitchen area which has a tile floor. Plaintiff's alleged slip and fall did not occur anywhere near the kitchen area and whether Texas Roadhouse employees are required to wear non-slip shoes has absolutely no probative value to any issue implicated by La. R.S. 9:2800.6.

Moreover, with respect to employee meetings (i.e. "ally rallies"), plaintiff was fully entitled to question Heather Galmiche and Haley David in their depositions about these employee meetings and what occurs at those meetings. Texas Roadhouse is at a loss to address the issue of "computer records" without knowing what "computer records" plaintiff seeks to discover.

Again, in short, the information that plaintiff seeks to discover by reopening discovery in this case will have absolutely no bearing on the issue of liability and damages in this case. And again, if plaintiff thought that it did, plaintiff should have propounded written discovery months ago.

With respect to the third factor, Texas Roadhouse will clearly be prejudiced if non-expert discovery is reopened. This case is set for trial on March 25, 2019. Furthermore, Texas Roadhouse will be filing a Motion for Summary Judgment shortly. Texas Roadhouse is ready to bring this case to a conclusion. Reopening of discovery at this point will lend itself to objections to the discovery and possible motions to compel, all of which, could possibly cause the trial to be continued. Furthermore, reopening discovery will certainly cause a delay in the summary judgment process. Yet, none of the information requested will have any bearing on the issues presented by Texas Roadhouse's forthcoming Motion for Summary Judgment.

With respect to the fourth factor, it goes without saying that a continuance of the trial date is always available. The relevant question is whether the trial should be continued. Given that plaintiff is solely responsible for causing its own discovery crisis, Texas Roadhouse should not be

penalized by a continuance of the trial date or having to deal with discovery issues after filing a Motion for Summary Judgment (which must be filed according to the Court's Scheduling Order on or before January 22, 2019).

In sum, "good cause" simply does not exist in this case for the reopening of discovery. Plaintiff has had ample time to conduct written discovery. All of the discovery that plaintiff now seeks to conduct could have been conducted months ago. Texas Roadhouse is ready to bring this case to conclusion through a ruling on a Motion for Summary Judgment or through a trial on the merits. Texas Roadhouse abided by this Court' Scheduling Order and plaintiff should be required to do the same.[3]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reopen Discovery should be denied.

---

[3] It should also be noted that, although plaintiff states in his motion that the requested relief will not affect any other deadlines is untrue. First, plaintiff only wants to extend the discovery deadline to January 18, 2019, under the notion that as long as plaintiff "propounds" discovery prior to the deadline, then the discovery is timely. However, as this Court is well aware, and as is contained in this Court's Schedule Order, "[t]o allow time for responses, written discovery must be served more than thirty (30) days before the [discovery] deadline" and "[m]otions to compel must be filed by the discovery deadline". Thus, in actuality, plaintiff is asking to extend the discovery deadline to at least February 18, 2019 (as Texas Roadhouse would have 30 days to respond). Second, Texas Roadhouse should not be required to file any dispositive motions after the discovery deadline has passed. Thus, the discovery deadline cannot be extended without extended the dispositive motion deadline.

Respectfully submitted:

*/s/ Michael P. Bienvenu*
Michael P. Bienvenu, T.A.
Louisiana State Bar Roll Number. 22258
**KINCHEN, WALKER, BIENVENU,
BARGAS, REED & HELM, LLC**
9456 Jefferson Highway
Building III, Suite F
Baton Rouge, Louisiana 70809
Telephone: (225) 292-6704
Facsimile: (225) 292-6705
Email: mbienvenu@kwbbrlaw.com
*Counsel for Defendant, Texas Roadhouse, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, 2019, I served a copy of the foregoing on all counsel of record via electronic mail and that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

Derrick Kee
HAWKINS KEE LAW GROUP
1417 Hodges Street
Lake Charles, Louisiana 70601
Telephone: (337) 210-8811
Facsimile: (337) 210-8855
Email: derrick@hawkinskee.com
*Counsel for Plaintiff, Robert Patrick*

Brent Hawkins
HAWKINS KEE LAW GROUP
1417 Hodges Street
Lake Charles, Louisiana 70601
Telephone: (337) 210-8811
Facsimile: (337) 210- 8855
Email: brent@hawkinskee.com
*Counsel for Plaintiff, Robert Patrick*

*/s/ Michael P. Bienvenu*
**MICHAEL P. BIENVENU**