**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ROBERT PATRICK                                    CIVIL ACTION NO. 17-0976

VERSUS                                            JUDGE MAURICE S. HICKS, JR.

TEXAS ROADHOUSE, INC.                             MAGISTRATE JUDGE KAY

**MEMORANDUM RULING**

Before the Court is a "Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure Filed on behalf of Defendant, Texas Roadhouse, Inc." See Record Document 26. In its motion, Texas Roadhouse Inc. ("Texas Roadhouse") moves to dismiss this lawsuit because Plaintiff Robert Patrick ("Patrick") has failed to create a genuine issue of material fact for trial. See Record Document 29. Based on the reasons set forth below, the Motion for Summary Judgment (Record Document 26) is **GRANTED**.

**STATEMENT OF MATERIAL FACTS**

On June 28, 2016, Patrick went to the Texas Roadhouse in Lake Charles, Louisiana, for dinner.[1] He planned to meet a date, Janel Landry ("Landry").[2] When he entered the restaurant to meet Landry, Patrick had to walk up a ramp to reach a raised area of tables where his date was already seated.[3] Patrick slipped and fell on a "slippery substance on the floor" as he approached the table where his date was seated.[4]

---

[1] Record Document 26-4 (Petition); Record Document 26-5 (Robert Patrick Deposition) at 55-57.
[2] Record Document 26-5 at 56-57.
[3] Record Document 26-4; Record Document 26-5 at 70-71.
[4] Record Document 26, Exhibit A at ¶ 4.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[6] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[7] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[8] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[9] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[10] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[11] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[12] The court will construe all evidence in the light

---

[5]<u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010).
[6]<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).
[7]<u>Stewart v. Murphy</u>, 174 F.3d 530, 533 (5th Cir. 1999).
[8]<u>Vera v. Tue</u>, 73 F.3d 604, 607 (5th Cir. 1996).
[9]<u>Anderson</u>, 477 U.S. at 249.
[10]<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).
[11]<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).
[12]<u>Anderson</u>, 477 U.S. at 249-50.

most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[13]

## LAW AND ANALYSIS

Patrick alleges that Texas Roadhouse was negligent in: (a) in failing to maintain the premises in a safe condition; (b) failing to inspect the premises to insure against unsafe conditions; (c) failing to warn patrons of unsafe conditions on the premises; (d) failing to properly patrol and supervise the premises; (e) allowing the premises to become dangerous without taking precautions to safeguard their customers; (f) and failing to properly maintain the entrance areas and walkways.[14]

Louisiana Revised Statute 2800.6

Louisiana Revised Statute 2800.6 governs a merchant's exposure to liability for a patron's injury resulting from a slip and fall.[15]  The statute places a heavy burden of proof on plaintiffs in claims against a merchant for damages.[16]   In order for Patrick to prevail in his negligence claim, he must satisfy the burden of proof provided in the statute as follows:

> A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall

---

[13]Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).
[14]Record Document 26-4 at ¶ 9.
[15]Blackman v. Brookshire Grocery Co., 966 So.2d 1185, 1187 (La.App. 3d Cir. 2007); Guillaume v. Brookshire Grocery Co., 198 So.3d 204, 207 (La.App. 2d Cir. 2016).
[16]Ferlicca v. Brookshire Grocery Co., 175 So.3d 469 (La.App. 2d Cir. 2015).

due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:

> 1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> 2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> 3. The merchant failed to exercise reasonable care. In determining care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone to prove failure to exercise reasonable care.[17]

"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.[18]

Failure to prove any of the requirements enumerated in Louisiana Revised Statute 9:2800.6 will prove fatal to the plaintiff's case.[19] In addition to proving each of the above elements, a plaintiff must come forward with positive evidence showing the damage causing condition existed for some period of time, and that such time was sufficient to place a merchant defendant on notice of its existence.[20] Absent some showing of this "temporal" element, there can be no inference of constructive knowledge.[21] "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving

---

[17]La. R.S. 9:2800.6.
[18]La. R.S. 9:2800.6(C).
[19]Harrison v. Horseshoe Entertainment, 823 So.2d 1124 (La.App. 2d Cir. 2002).
[20]White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997).
[21]Ferlicca, 175 So.3d at 472.

constructive notice as mandated by the statute."[22] A defendant merchant is not required to make a positive showing of the absence of the existence of the condition prior to the fall.[23]

Texas Roadhouse argues that Patrick has no evidence that it either created the condition or had actual or constructive notice of the condition which caused him to fall. Texas Roadhouse submits Patrick's deposition testimony where he admits that he has no evidence to prove that Texas Roadhouse created the condition that caused his fall, and he does not know how or who created the condition that caused the fall. In his deposition, Patrick testified as follows:

> Q. Let me ask you this, with respect to whatever it is that you slipped on that night, is it fair to say, other than the fact the you know it was a liquid substance, you don't know what it was; is that right?
>
> A. Correct.
>
> Q. And you don't know how long it had been on the floor, correct?
>
> A. I do not know.
>
> Q. You don't know whether or not that was something that was caused by a Texas Roadhouse employee, do you?
>
> A. I can't say that.
>
> Q. In other words, somebody, another customer could have spilled it.
>
> A. I can't say that I know who caused it.
>
> Q. You don't know who caused it.
>
> A. Right.

---

[22]Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188, 1191 (La. 1999).
[23]Peterson v. Brookshire Grocery Co., 2017 WL 5147615, p.4 (W.D. La. 2017) (citing White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084 (La. 1997).

Q.    And you don't know how long it had been, whatever substance had been there, had been on the floor, do you?

A.    Correct. I just know it was there that caused me to slip and fall.

Q.    In other words, something could have been spilled the minute before you got up there.

A.    Perhaps, yes.[24]

In his attempt to create a genuine dispute of material fact, Patrick submits the deposition testimony of Texas Roadhouse employees Hailey David ("David") and Heather Gaimiche ("Gaimiche"). David and Gaimiche testified that Texas Roadhouse employees are required to wear slip resistant shoes.[25] The Court finds that Texas Roadhouse's policy as to the type of shoes that must be worn by employees has no relevance or bearing as to whether or not the restaurant created the condition on the floor, or if it had constructive notice of the condition.

Patrick also relies on David's testimony that employees enter the kitchen several times per shift where there is no mat, and that wet substances are tracked into the dining room.[26] This testimony is devoid of specific facts to support Patrick's claim that the substance that allegedly caused Patrick's slip and fall was created by Texas Roadhouse employees or that Texas Roadhouse had constructive notice of the alleged dangerous condition.

---

[24]Record Document 26-5 at 84-85.
[25]Record Document 29-3 (David and Gaimiche Depositions) at 71-72, 121-122.
[26]Record Document 29-3 at 72, 75.

Next, Patrick states that Landry, his date, testified "that on the night of the incident, there was grease residue on the floor where Patrick slipped and fell."[27]  The Court has reviewed the deposition testimony of Landry which is as follows:

> Q.    Did - - after he fell, did you examine the area where he fell to see if there was anything slippery on the floor?
>
> A.    No, I didn't.
>
> Q.    So, between the time you entered the restaurant and the time you left, you never actually saw anything that he slipped on, on the floor?
>
> A.    Well, as you know and I know, if it was grease down there, you can't see it.
>
> Q.    Um-hum.
>
> A.    So, it had to have been a residue down there, I just didn't see it. And I - -
>
> Q.    Okay.
>
> A.    - - and I could've walked over it. I don't know.
>
> Q.    Okay. But that's my question. Between the time you arrived and the time you left, you never saw what it was he actually slipped on?
>
> A.    No, I didn't.[28]

It is abundantly clear that Landry did not testify in fact that there was grease on the floor which caused Patrick's slip and fall.

Patrick argues that Landry testified "that after reporting the fall to the Texas Roadhouse employees, that the employees told her that several persons had previously slipped in that area."[29] The Court notes first that Landry's testimony as to what *one*

---

[27]Record Document Rec. 29-2, citing Record Document 29-3 (Landry Deposition) at 28.
[28]Record Document Rec. 29-2, citing Record Document 29-3 at 27-28.
[29]Record Document 29-2, citing Record Document 29-3 at 38.

waitress "said" (as opposed to "employees") is hearsay and not proper summary judgment evidence. Furthermore, the statement did not refer to the temporal proximity of the alleged slips in relation to the Patrick's incident. Thus, the statement by the waitress is irrelevant and unhelpful in resolving any dispute in this lawsuit. See F.R.E. 401.

Patrick also relies on his own testimony regarding a conversation he had with a Texas Roadhouse employee about there being a problem with the floor in that area.[30] Again, the unidentified employee's statement is hearsay evidence and not admissible.[31] Furthermore, the Court has read Patrick's deposition testimony where he recalls his conversation with the Texas Roadhouse employee; Patrick's testimony fails to indicate a specific time, date, or location of the claimed problem on the floor. Thus, it does not create a genuine dispute of fact for trial.

Finally, Patrick argues that the Texas Roadhouse allowed a foreseeable risk of harm to exist because there was no mat where Patrick fell. As argued by Texas Roadhouse, Louisiana Revised Statute 9:2800.6 does not require a merchant to use floor mats on its premises.

## CONCLUSION

Patrick has failed to create a genuine dispute of material fact for trial as to the statutory requirements of Louisiana Revised Statute 9:2800.6 because he failed to submit evidence that Texas Roadhouse created the condition that caused his fall or had actual

---

[30]Record Document 29-2, citing Record Document 29-3 (Patrick Deposition) at 77-81.
[31]Canton v. Kmart Corp.,470 Fed.Appx. 79, 2012 WL 1035527 (3rd Cir. 2012).

or constructive notice of the condition. Accordingly, the Court will grant the motion for summary judgment and dismiss Patrick's claim with prejudice at Patrick's costs.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of February, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT